UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHAPIRO,<br><br>   Plaintiff,<br><br>   v.<br><br>JOY CAMPANELLI,<br><br>   Defendant. | Case No. 1:25-cv-01859-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff John Shapiro is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed a complaint on December 15, 2025. (Doc. 1). Upon review, the undersigned concludes that the allegations are frivolous and fail to state a claim and recommends dismissing Plaintiff's complaint without leave to amend.

**I.   SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*

1

*pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Iqbal*, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint is one page and, in full, states, "1. Upon information and belief, Defendant conspired with others, which violated Fourteenth Amendment Rights. 2. Plaintiff demands $1 Million against Defendant."  (Doc. 1).

### III.     DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims and is frivolous.

**A.     Rule 8**

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to a defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. *See Twombly*, 550 U.S. at 555. Here, Plaintiff's complaint includes no factual allegations. (Doc. 1). But a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Without any coherent factual allegations, it is impossible to determine whether what Plaintiff is alleging has occurred or how the defendant is alleged to be responsible, and therefore Plaintiff falls short of the pleading requirements as set forth in Rule 8. Additionally, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). But here, the nature of the relief requested in the complaint is wholly unclear to the Court. (*See* Doc. 1 at 6.)

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

**B.     Frivolousness**

Apart from Plaintiff's failure to comply with Rule 8, his complaint is frivolous. A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). While a federal court cannot

properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely," *Denton*, 504 U.S. at 33, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, *see Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e).  Plaintiff's complaint is frivolous under this legal standard.

Plaintiff does not set forth any facts supporting his claim, and public court records show that Plaintiff has filed his one-page complaint devoid of any factual allegations against the same defendant in several dozen other federal lawsuits this week.[1] *See Shapiro v. Campanelli*, No. 1:24-cv-02535, at 3 & n.1 (S.D. Ind. Dec. 16, 2025) (citing Case No. 8:25-cv-4090 (D. Md. Dec. 11, 2025); Case No. 5:25-cv-143 (W.D. Va. Dec. 11, 2025); Case No. 1:25-cv-530 (D.N.H. Dec. 12, 2025); Case No. 3:25-cv-354 (N.D. Miss. Dec. 12, 2025); Case No. 3:25-cv-1025 (W.D. Wis. Dec. 12, 2025); Case No. 1:25-cv-701 (D. Idaho Dec. 15, 2025); Case No. 2:25-cv-1220 (E.D. Tex. Dec. 15, 2025); Case No. 1:25-cv-373 (E.D. Tenn. Dec. 15, 2025); Case No. 2:25-cv-13861 (D.S.C. Dec. 15, 2025); Case No. 5:25-cv-1517 (W.D. Okla. Dec. 15, 2025); Case No. 3:25-cv-3395 (C.D. Ill. Dec. 15, 2025); Case No. 1:25-cv-671 (D.R.I. Dec. 15, 2025); Case No. 3:25-cv-735 (D. Nev. Dec. 15, 2025); Case No. 1:25-cv-737 (S.D.W.V. Dec. 15, 2025); Case No. 2:25-cv-159 (N.D. Ga. Dec. 16, 2025)); *see also* 3:25-cv-30209 (D. Mass. Dec. 12, 2025); 1:25-cv-00294 (D. Wy. Dec. 15, 2025); 4:25-cv-679 (N.D. Okla. Dec. 15, 2025); 4:25-cv-01416 (N.D. Tex. Dec. 15, 2025); 3:25-cv-00199 (M.D. Ga. Dec. 15, 2025); 8:25-cv-00722 (D. Neb. Dec. 16, 2025); 1:25-cv-1252 (D.N.M. Dec. 16, 2025); 2:25-cv-02139 (N.D. Ala. Dec. 16, 2025); 2:25-cv-00159 (S.D. Ga. Dec. 16, 2025); 5:25-cv-04122 (D. Kan. Dec. 16, 2025); 3:25-cv-00414 (S.D. Tex. Dec. 16, 2025); 6:25-cv-02340 (D. Or. Dec. 16, 2025); 3:25-cv-06134 (W.D. Wash. Dec. 16, 2025); 3:25-cv-01452 (M.D. Tenn. Dec. 16, 2025); 1:25-cv-00045 (D. Guam Dec. 17, 2025).  Because the undersigned finds that Plaintiff's complaint is "indisputably meritless," lacking in any factual contentions supporting his claim, and mirrors numerous cases filed in federal courts across the country over the course of the last week, the undersigned recommends that this case be dismissed as frivolous and

---

[1] A court may take judicial notice of court filings from other state or federal court proceedings.  *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

that Plaintiff not be given leave to amend.[2]  *See Levy v. Subway*, No. 2:13-CV-1269 GEB DAD, 2013 WL 5493390, at *3 (E.D. Cal. Oct. 2, 2013)

### IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint, it is clear from the face of the complaint that it is frivolous.[3]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and
2. The Clerk of the Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 18, 2025**         /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

[3] If Plaintiff believes that he can cure this deficiency in an amended complaint, he may file objections to these Findings and Recommendation explaining how he would amend his complaint to state a cognizable claim.